**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| COREY BONDS, | : | **CIV. NO. 18-12379 (RMB)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

**BUMB**, DISTRICT JUDGE

Plaintiff Corey Bonds, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed this action under the Federal Tort Claims Act, 28 U.S.C. § 2671, on August 2, 2018. (Compl., ECF No. 1.) Plaintiff did not pay the filing fee[1] or submit the appropriate application to proceed *in forma pauperis* under 28 U.S.C. § 1915.[2]

---

[1] The filing fee for a civil action is $350, and there is a $50 administrative fee, for a total of $400. *See* 28 U.S.C. § 1914.

[2] 28 U.S.C. § 1915(a) provides:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the

Local Civil Rule 5.1(f) provides:

> Any papers received by the Clerk without payment of such fees as may be fixed by statute or by the Judicial Conference of the United States for the filing thereof shall be marked "received" and the date and time of receipt shall be noted thereon.

The Court will administratively terminate this matter, but Plaintiff will be permitted to reopen if he timely submits the filing fee or in the alternative submits a properly completed IFP application.

When a prisoner is permitted to proceed without payment of the filing fee, 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review a complaint in a civil action and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be

---

nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, Plaintiff may proceed upon payment of the filing fee or submission of a properly completed IFP application, establishing his financial eligibility to proceed without prepayment of the filing fee.

I.  *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

3

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.    The Complaint

Plaintiff properly named the United States as the sole defendant to this action under the Federal Tort Claims Act. CNA v. U.S., 535 F.3d 132, 138 n. 2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA.")

Plaintiff alleges that on February 22, 2017, while he was incarcerated at FCI Elkton, in Elkton, Ohio, he was physically assaulted by Correctional Officer Long. (Compl., ECF No. 1 at 2.) Two days later, Long approached Plaintiff from behind and grabbed his buttocks. (Id.) On February 25, 2017, Long told Plaintiff he would miss him when he was gone. (Id. at 3.) Plaintiff alleges he was subject to harassment in May 2017, as he described in his grievances [but did not describe in the complaint]. (Id.)

Plaintiff requested that prison officials conduct an investigation pursuant to the Prison Rape Elimination Act. (Id.) Plaintiff also filed an Administrative Tort Claim, which was denied on January 29, 2018. (Id. at 2.) Plaintiff contends the United States failed to properly train and supervise BOP staff regarding sexual assault and harassment. (Id. at 1.) Upon payment of the filing fee or completion of the appropriate IFP application, Plaintiff's complaint may proceed.

B. Venue

28 U.S.C. § 1402(b) provides that "any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." Plaintiff is presently confined in FCI

Fort Dix in New Jersey, but the alleged misconduct occurred in Elkton, Ohio.

28 U.S.C. § 1404(a) provides:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

If Plaintiff chooses, he may wish to instead bring this action in the United States District Court, Northern District of Ohio, where the alleged misconduct occurred and the witnesses reside.

III. CONCLUSION

For the reasons stated above, the Court will administratively terminate this action subject to reopening by Plaintiff if he timely pays the filing fee or submits a properly completed IFP application pursuant to 28 U.S.C. § 1915(a)(2).

An appropriate order follows.


DATE: November 26, 2018


                                              s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              United States District Judge