UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| COREY BONDS, | : | **CIV. NO. 18-12379 (RMB)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| OFFICER LONG, *et al.*, | : | |
| Defendants | : | |

**BUMB**, DISTRICT JUDGE

This matter comes before the Court upon Plaintiff's application to proceed without prepayment of fees and for screening Plaintiff's amended complaint under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) and 42 U.S.C. § 1997e(c).

I.  BACKGROUND

Plaintiff Corey Bonds, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), initially filed this action under the Federal Tort Claims Act, 28 U.S.C. § 2671, on August 2, 2018. (Compl., ECF No. 1.) He did not pay the filing fee or submit a properly completed application to proceed *in forma pauperis* under 28 U.S.C. § 1915. In an Opinion dated November 27, 2018, the Court advised Plaintiff that upon correction of the deficiency in his IFP application, his FTCA claim against the United States would be permitted to proceed. (Opinion, ECF No. 2; Order, ECF No. 3.)

Plaintiff has now submitted a complete application to proceed in forma pauperis ("IFP") (ECF No. 4-1). Plaintiff, however, submitted an amended complaint that does not contain an FTCA claim against the United States and, instead, alleges Bivens claims against three out-of-state federal employees. For the reasons discussed below, the Court will transfer Plaintiff's amended complaint to the United States District Court, Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1404(a).

II. DISCUSSION

    A.    The Amended Complaint

Plaintiff alleges the following facts in his amended complaint. On February 22, 2017, in the "chow hall" at the Federal Correctional Institution in Elkton Ohio ("FCI Elkton"), Officer Long walked up to Plaintiff from behind, grabbed his buttocks and then walked away. (Am. Compl., ECF No. 4, ¶9.) Two days later, Officer Long walked up behind Plaintiff and pulled Plaintiff, by his pants, toward Long until Plaintiff felt Officer Long's genitals against him. (Id.) Plaintiff expressed extreme anxiety. (Id.) The next day, Officer Long walked up behind Plaintiff and told him he would miss him when he was gone. (Am. Compl., ECF No. 4, ¶9.) Plaintiff was scared. (Id.) He filed a complaint with the Department of Justice. (Id.)

On March 2, 2017, Plaintiff reported the incidents with Long to "Psychology" and to a lieutenant. (Id., ¶10.) Plaintiff's complaint was forwarded from Psychology to SIS for further investigation. Plaintiff told the lieutenant that he feared for his life and he did not want to remain on the compound. (Id.) Plaintiff was placed in the Special Housing Unit ("SHU"). (Id.)

On March 7, 2017, Lieutenant ("Lt.") Carter "cursed out" Plaintiff for making allegations against Long. (Id., ¶10.) Lt. Carter gave Plaintiff two "shots" in retaliation for filing grievances. (Id.) Plaintiff now suffers from anxiety and depression and he was prescribed medication. (Id., ¶11.)

Plaintiff alleges Bivens claims under the Eighth Amendment Cruel and Unusual Punishments Clause and the Fifth Amendment (substantive) Due Process Clause against Officer Long, Lieutenant Carter and Warden Meriak, and a First Amendment retaliation claim against Lieutenant Carter, in their official and individual capacities.

B. Venue

In a civil action where a defendant is an officer or employee of the United States, Title 28 U.S.C. § 1391(e)(1) provides:

> (e) Actions where defendant is officer or employee of the United States—
>
> (1) In general.--A civil action in which a defendant is an officer or employee of

3

> the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

Title 28 U.S.C. § 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Assuming without deciding that Plaintiff is a resident of New Jersey, venue is proper in this Court. See 28 U.S.C. § 1391(c) Residency.--For all venue purposes--(1) a natural person … shall be deemed to reside in the judicial district in which that person is domiciled;" Vaughn v. Vaughn, 674 F. App'x 145, 146 n. 3 (3d Cir. 2017) (per curiam) ("[d]omicile requires *both* physical presence and intent to remain."))

In transferring the venue of a civil action, district courts must weigh the private and public interests protected by § 1404(a), including the parties' forum preferences, where the claims arose, the convenience of the parties relative to their physical and financial condition, the convenience of witnesses to the extent they may be unavailable in one of the fora, the enforceability of the judgment, the relative administrative difficulties in the two fora, and the public polices of the fora. Jumara v. State Farm Ins., Co., 55 F.3d 873, 879-80 (3d Cir. 1995).

Plaintiff's present incarceration in New Jersey makes this district more convenient for Plaintiff to the extent that he would be required to make an appearance in court and to pay expenses for travel. Additionally, New Jersey is Plaintiff's choice of forum. All other factors, however, weigh in favor of transfer of this action to the Northern District of Ohio, where all defendants are employed and presumably reside, and all transactions that are subject of this litigation occurred.

Further, there is nothing in the amended complaint that suggests the District of New Jersey would have personal jurisdiction over the three defendants in their individual capacities. The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts,

5

ties, or relations." See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471–72 (1985) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)). Finally, the State of New Jersey has no public interest in this civil action against out-of-state defendants for alleged misconduct that occurred in Ohio. The relevant factors weigh in favor of transfer of venue to the Northern District of Ohio, Eastern Division.

III. CONCLUSION

For the reasons stated above, the Court will transfer this action to the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1404(a).

An appropriate order follows.


DATE: April 30, 2019

                                s/Renée Marie Bumb
                                **RENÉE MARIE BUMB**
                                **United States District Judge**